**LONG v. WITHERSPOON. (2 Div. 777.)**

(Supreme Court of Alabama. April 27, 1922.)

*Appeal and error* ⬅═1011(1)—*Findings on conflicting evidence for mortgagor on issue of payment not disturbed.*

In a suit to foreclose a mortgage to which payment was pleaded, evidence as to payment being in conflict, findings of the trial judge in favor of the mortgagor were not to be disturbed.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Bill by Thomas H. Long against Tillman Witherspoon to foreclose a mortgage. Decree for respondent, and complainant appeals. Affirmed.

C. C. Johnston, of Marion, for appellant.

The presumption of payment after the lapse of 20 years is rebutted, when the debt has been recognized and payments made. 176 Ala. 592, 58 South. 907; 11 Ala. App. 15, 6 South. 444; 75 Ala. 495; 176 Ala. 282, 58 South. 199; 180 Ala. 140, 60 South. 317; 67 South. 255. The instrument was admissible as an ancient document without preliminary proof of execution. 186 Ala. 77, 64 South. 958; (Ala.) 39 South. 649; 22 C. J. 945, 952. The burden of proof to establish payment is on the respondent. 118 Ala. 380, 23 South. 666; 103 Ala. 250, 15 South. 568; 30 Cyc. 1264. Counsel discusses the other feature set up in defense, with citation of authority.

A. W. Stewart, of Marion, and R. B. Evins, of Greensboro, for appellee.

The assignments of error do not comply with rule 1, Supreme Court Practice. 50 Ala. 450; 138 Ala. 673; 144 Ala. 135, 39 South. 249. The testimony was taken orally before the court, and its findings have the same force and effect as the verdict of the jury. 199 Ala. 152, 74 South. 62; 201 Ala. 685, 79 South. 258. Counsel discuss the other features of the defense, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

GARDNER, J. Appellant in February, 1920, filed this bill against the appellee to foreclose a mortgage on eight acres of land; said mortgage maturing in September, 1891. The respondent pleaded payment, and, further, that the real estate constituted his homestead at the time, and the mortgage was void for the reason of the insufficiency of the separate acknowledgment of the wife. The testimony was heard orally before the presiding judge, and decree rendered in favor of the respondent, from which complainant prosecutes this appeal.

As previously disclosed, the mortgage here sought to be foreclosed was due nearly 30 years before the filing of this bill, but complainant testified that payments were made thereon by one Bush, who died some time before the bill was filed, for and on behalf of respondent; these payments having been made in 1897, 1898, 1900, and the last on February 3, 1904. Respondent had executed mortgages to complainant upon personal property in 1892 and 1893, to better secure this indebtedness, and in November, 1894, complainant testified he had an accounting with respondent, and it was agreed the sum due was $182.37. The last payment complainant claims to have received upon this indebtedness was received 16 years before the bill was filed. Respondent insisted to complainant that Bush had paid the debt, and testified that complainant on one occasion delivered to him the mortgage, and admitted he had received his money.

True, as stated by counsel for complainant in brief, the evidence of respondent shows much ignorance on his part, and some confusion; but this fact doubtless was calculated to stimulate the trial court to a still closer scrutiny of the evidence, and the demeanor of the witnesses upon the stand, especially in view also of the long delay in the assertion of any rights claimed by complainant. The testimony as to payment was conflicting. The trial judge had the witnesses before him, and upon a review of the entire record in consultation this court has reached the conclusion that his finding of fact should not be disturbed. This renders unnecessary a consideration of the other defense as to homestead.

It results that the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

═══════════════════════════════════════

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes